UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CAGNEY RICHARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>DOMINIQUE RICHARDS, et al.,<br><br>    Defendants. | Case No. 2:25-CV-00206-GSL-JEM |

## OPINION AND ORDER

Cagney Richards, proceeding pro se, moves for leave to proceed in forma pauperis on a complaint she brings against Dominique Richards, Magistrate Lisa Berdine, attorney Sandra Moreno Garcia, attorney Kristina Lynn Garza, process server Darin Kinser, and the Crown Point Police Department. [DE 2]. For the reasons below, the Court denies the Motion to Proceed In Forma Pauperis and dismisses the Complaint [DE 1] with leave to refile.

### Discussion

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, Plaintiff's Motion [DE 2] establishes that she is unable to prepay the filing fee. That said, the Court must now examine whether her action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). In making that inquiry, this Court follows the Supreme Court's direction that "a pro se complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Even so, that deference is not unlimited. Allegations must give rise to cognizable claims over which this Court may exercise jurisdiction. A federal court can hear claims that either (1) arise under the Constitution or implicate federal law, or (2) establish diversity jurisdiction, i.e., no plaintiff or defendant is a citizen of the same state, and the claimed damages exceed $75,000. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021); 28 U.S.C. § 1332(a).

The maxim that federal courts are "courts of limited jurisdiction" applies to all litigants. *See Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994). One such limitation comes from the domestic-relations exception, which "divests the federal courts of [the] power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703, (1992). In *Neitzke v. Williams*, the Supreme Court said that a complaint is frivolous under § 1915(e)(2)(B)(i), formerly § 1915(d), when it lacks "an arguable basis either in law or in fact." 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it rests on a meritless legal theory. *See Neitzke*, 490 U.S. at 326. For example, it is frivolous to assert a claim rooted in a nonexistent legal interest. *Id.* at 327. Asking a court to accept something it is without the power to adjudicate is another example. Based on the Complaint, it appears that Plaintiff is seeking to remove her divorce matter to federal court. *See, e.g.*, [DE 1, Page 8] (in a section titled, "Requested Relief," Plaintiff asks that the Court "accept removal"). If that is Plaintiff's primary aim, the Court dismisses the Complaint [DE 1] with prejudice. A pending divorce action falls squarely within the domestic-relations exception, so it is therefore beyond this Court's power to decide. Under § 1915(e)(2)(B)(i), such a cause is frivolous and must be dismissed.

On top of seeking removal, Plaintiff seemingly alleges wrongdoing by private individuals, state employees, and state agencies prior to, and during the course of, the pending divorce action. [DE 1]. To the extent that is the case, each of those potential claims also fail.

One claim appears to be for monetary relief against Magistrate Lisa Berdine. [*Id.*]. Under § 1915, the Court shall dismiss a complaint when it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action [taken] was in error, was done maliciously, or was in excess of [her] authority[.]" *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Further, a plaintiff is not allowed to seek injunctive relief against state and federal judges under § 1983. 42 U.S.C. § 1983; *see Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003). Here, Plaintiff appears to fault Magistrate Berdine for the alleged shortcomings of the guardian ad litem. [DE 1, ¶ 7]. She also alleges that Magistrate Berdine ignored evidence, improperly struck filings, and issued a bench warrant against Plaintiff that caused the loss of Plaintiff's job and business license. [*Id.*, ¶ 9]. To this Court, the latter allegation appears to be the only one concerning Magistrate Berdine on which Plaintiff seeks any form of relief: "[Plaintiff requests] financial compensation for job loss due to bench warrant." [*Id.*, Page 8]. Given that Plaintiff seeks monetary from Magistrate Berdine, who is immune from such relief, it is only appropriate that this Court dismiss all such claims against Magistrate Berdine with prejudice.

As for the remaining allegations, the Court struggles to discern what, if any, claims exist within this complaint. Under § 1915(e)(2)(B)(ii), the Court shall dismiss an action that "fails to state a claim on which relief may be granted[.]" The standard for dismissing a complaint under §

3

1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Yet for each of the remaining defendants, the Complaint fails to allege sufficient factual matter that states a facially plausible claim for relief. There are no allegations sufficient to establish or support diversity jurisdiction. And, even if it squints, the Court struggles to see any claims that arise under federal question jurisdiction. Only two instances of alleged conduct approach such claims: (1) the alleged failure to investigate by the Crown Point Police Department, and (2) and the alleged mail fraud of her husband, Dominique Richards. As it stands, these are both pleaded as conclusory statements untethered to a concrete injury. This is not enough to adequately state a claim for relief. For those reasons, any claims against defendants other than Magistrate Berdine are dismissed without prejudice.

## Conclusion

Accordingly, for reasons stated within this order, Plaintiff's Motion to Proceed In Forma Pauperis [DE 2] is **DENIED**. Consequently, the Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE** except for claims for monetary relief against Magistrate Lisa Berdine, which are **DISMISSED WITH PREJUDICE** under § 1915(e)(2)(B)(iii). Plaintiff is given until July 7, 2025, to reapply to proceed in forma pauperis and to file an amended complaint, which may not

seek removal of a pending domestic-relations matter. If Plaintiff fails to timely refile, the Court will direct the Clerk to close the matter without further notice to Plaintiff.

SO ORDERED.

ENTERED: June 11, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court